IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL CASE NO. 3:01cr115

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MARIO N. MURPHY, | ) | |

**THIS MATTER** is before the Court on the Defendant's motion to modify the order of restitution imposed as part of his sentence. The motion, however, actually seeks to exempt the Defendant from the Inmate Financial Responsibility Program. The motion is denied.

The authority and method of collecting through the Inmate Financial Responsibility Program as well as the determination of the Defendant's ability to pay has been delegated to the Bureau of Prisons (BOP) by federal regulations. 28 C.F.R. §§545.10-.16. Defendant is therefore obligated to exhaust all administrative remedies through the BOP before approaching the appropriate district court. *Aja v. Bureau of Prisons Staff*, 202 F.3d 267, 1999 WL 1336093 (6th Cir. 1999); *United States v. Rumney*, 86 F.3d 1147 (table), 1996 WL 325485; *Indelicato v. Suarez*,

**207 F.Supp.2d 216 (S.D.N.Y. 2002).**

In addition, to the extent that the Defendant argues that the Inmate Financial Responsibility Program is unconstitutional, that argument is rejected. Assuming *arguendo* that a prisoner has some property stake in working during incarceration, it is not unconstitutional to condition the right to work to an agreement that BOP will garnish a portion of the inmate's earnings for payment toward fines, assessments and/or restitution. **James v. Quinlan, 866 F.2d 627 (3rd Cir. 1989).** Indeed, such payments may be collected from non-wage funds contained within a prisoner's inmate account. **Moreno v. Hood, 10 Fed. Appx. 600 (9th Cir. 2001).**

The Defendant also claims that the sentencing court improperly delegated authority to the Inmate Financial Responsibility Program or his probation officer to determine the method of payment of restitution. **See, United States v. Miller, 77 F.3d 71 (4th Cir. 1996).** To the contrary, the Judgment made the full amount of restitution due in full immediately and contained the following language: "All criminal monetary penalty payments are to be made to the United States District Court Clerk ..., except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. ... All criminal monetary penalty payments are to be made as directed by the court." **Judgment of Conviction, filed**

**October 16, 2002.** Because "the court retained both the right to review ... and to exercise ultimate authority regarding the payment of restitution; the court therefore did not illegally delegate its authority." *United States v. Dawkins*, 202 F.3d 711, 717 (4th Cir. 2000); *accord, United States v. Watkins*, 2006 WL 149101 (4th Cir. 2006).

**IT IS, THEREFORE, ORDERED** that the Defendant's motion is hereby **DENIED**.

Signed: June 12, 2006

Lacy H. Thornburg
United States District Judge